**Albert MYRICK, Plaintiff–Appellant,**

v.

**THE NEW YORK CITY EMPLOYEES' RETIREMENT SYSTEM, Defendant–Appellee,**

No. 02–7718.

United States Court of Appeals, Second Circuit.

Feb. 28, 2003.

Albert Myrick, Meherrin, VA, for Appellant, pro se.

Grace Goodman, Assistant Corporation Counsel (Michael A. Cardozo, Corporation Counsel, on the brief) City of New York Law Department, New York, NY, for Appellee.

PRESENT: VAN GRAAFEILAND, CABRANES and PARKER, Circuit Judges.

SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 28th day of February Two thousand three.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is hereby AFFIRMED.

Plaintiff Albert Myrick appeals from a judgment of the District Court entered May 8, 2002, granting defendant's motion for summary judgment pursuant to Fed. R.Civ.P. 56(b), on the grounds that no material issues of fact requiring a trial exist and defendants are entitled to judgment as a matter of law. *See Myrick v. N.Y.C. Employees' Ret. Sys.*, No. 99 Civ. 4308(GEL), 2002 WL 868469 (S.D.N.Y. May 8, 2002).

Plaintiff claimed that he suffered years of harassment, discrimination, and eventually, retaliatory discrimination, for complaining about race discrimination by his employer, the New York City Employees' Retirement System ("NYCERS"). He brought this cause of action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, charging NYCERS with discrimination and retaliatory discharge.

The District Court held that "Myrick has not presented sufficient evidence to permit a reasonable fact-finder to conclude that these reasons were pretextual, [and] the motion for summary judgment" was therefore proper, especially where defendant was able to demonstrate twenty-nine specific instances of Myrick's incompetence and insubordination. *See, Myrick v. N.Y.C. Employees' Ret. Sys.*, No. 99 Civ. 4308(GEL) at 8–9 (S.D.N.Y. May 6, 2002).

We review a grant of summary judgment *de novo. See Fujitsu Ltd. v. Fed. Express Corp.*, 247 F.3d 423, 428 (2d Cir. 2001). We view the evidence in the light most favorable to Myrick, drawing all reasonable inferences in his favor, and determine whether there is indeed no issue of material fact in dispute. *Id.* We agree with the District Court that NYCERS was able to show legitimate, non-retaliatory reasons for Myrick's termination. *See, e.g., Raniola v. Bratton*, 243 F.3d 610, 625 (2d Cir.2001) (holding that when a prima face case of retaliation is proven, the burden of proof shifts to the defendant to demonstrate that legitimate, non-retaliatory grounds supported the decision to terminate).

Plaintiff failed to demonstrate that the legitimate, non-retaliatory grounds defendant provided were pretextual. *See La-Fond v. Gen. Physics Servs. Corp.*, 50

F.3d 165, 174 (2d Cir.1995) (holding that for a retaliatory discharge claim to survive the defendant's proffer of legitimate, non-retaliatory grounds, plaintiff must show that the reasons given were pretextual; pretext may be shown "either by the presentation of additional evidence showing that the employer's proffered explanation is unworthy of credence, or by reliance on the evidence comprising the prima facie case." (internal quotation marks and citation omitted)). We find no error in the District Court's conclusions.

We have considered all of plaintiff's claims on appeal and, substantially for the reasons stated by the District Court, we hereby AFFIRM the judgment of the District Court.